# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MELVIN L. ALLMOND,
          Appellant,

     v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
CH-752S-16-0617-I-1

DATE: March 22, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Otis J. Sturdivant, Maple Heights, Ohio, for the appellant.

Suzanne B. McCabe, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his enforced leave appeal for lack of jurisdiction. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant, a Level 5 Mail Handler, filed an appeal in which he appeared to challenge an August 8, 2016 decision by the Equal Employment Opportunity Commission upholding the agency's decision dismissing his 2013 equal employment opportunity (EEO) complaint for failure to state a claim. Initial Appeal File (IAF), Tab 1 at 2, 13-15. In that complaint, the appellant alleged that the agency discriminated against him based on his race, sex, and age when, on June 23, 2013, he was asked to remove his hooded sweatshirt, and when, on June 29, 2013, after refusing to do so, he was forced to leave the building. *Id.* at 13. The agency determined that the appellant took annual leave when he left work on June 23, and that, on June 29, he worked a full day. *Id.* at 13-14.

¶3    The administrative judge acknowledged the appeal as the appellant's challenge to a suspension for 14 days or less. IAF, Tab 2 at 2. She explained that the Board generally lacks jurisdiction over such actions, except when the appellant claims that the agency's action was taken in retaliation for his protected disclosures or certain protected activities, that it was in violation of his veterans'

preference rights, or that it was an act of discrimination against him based on his uniformed service, and she ordered him to file evidence and argument that the action he sought to appeal is within the Board's jurisdiction. *Id.* at 2-3. The agency moved that the appeal be dismissed for lack of jurisdiction and as untimely filed. IAF, Tab 4.

¶4    Because the appellant identified himself as a preference eligible, IAF, Tab 1 at 1, 24, and submitted supporting documentation, *id.* at 22, the administrative judge issued separate orders setting forth the appellant's burden to establish the Board's jurisdiction under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and the Veterans Employment Opportunities Act of 1998 (VEOA), and directing him to respond if he was alleging a violation of either statute. IAF, Tabs 5-6.

¶5    In his response, which was untimely filed as to all three of the administrative judge's orders, the appellant stated that the agency subjected him to a furlough from June 2013 through August 2013, that he contracted an illness while in military service during the Vietnam War, and that his "E.E.O. appeal didn't have complete adjudication or exhaustion . . . until October 2016." IAF, Tab 8 at 3. He also submitted documents relating to his EEO complaint and to the agency's dress code, and numerous photos of his work site. IAF, Tab 8.

¶6    In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.[3] IAF, Tab 11, Initial Decision (ID) at 2, 4. She considered the appellant's allegation that the agency "improperly placed him on enforced leave for three days in June 2013"[4] because he wore a

---

[3] Based on her dismissal of the appeal for lack of jurisdiction, the administrative judge did not consider whether it was timely filed. ID at 4.

[4] The record does not support the administrative judge's statement that the appellant in fact alleged that he was placed on enforced leave for 3 days. However, because we agree with the administrative judge's ultimate disposition in this case, any error on her

hooded sweatshirt at work. She found, however, that he failed to nonfrivolously allege that the agency placed him on enforced leave for more than 14 days, which would be an appealable action, *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014), ID at 2-3, and that he also failed to nonfrivolously allege that the Board has jurisdiction over his appeal under either USERRA or VEOA. ID at 3. In the absence of Board jurisdiction, the administrative judge found no basis upon which to consider the appellant's claims of discrimination. ID at 4.

¶7 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded.[5] PFR File, Tab 3.

¶8 In his petition, the appellant argues the merits of his EEO complaint, claiming that agency employees were allowed to wear hooded sweatshirts at work and that he chose to leave the workroom floor, presumably on June 23, 2013, "to keep [his] cool." PFR File, Tab 1 at 3, 5-6. He has not, however, shown by these claims that he nonfrivolously alleged either that he was subjected to an appealable action; that is, that he was placed on enforced leave for more than 14 days, *Abbott*, 121 M.S.P.R. 294, ¶ 10, that the agency violated his rights under VEOA, *Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 507, ¶ 6 (2009), or that the agency discriminated against him under USERRA by denying him a

part did not prejudice the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[5] The agency's response was untimely filed by 1 day. PFR File, Tab 2-3. The Clerk of the Board afforded the agency an opportunity to submit a declaration signed under penalty of perjury stating why there is good cause for the late filing, PFR File, Tab 4, and the agency submitted such a declaration, explaining that its representative inadvertently scheduled the task in his calendar for the wrong day, PFR File, Tab 5. The Board has found that a representative's clerical errors do not provide good cause to waive a filing deadline. *Ferrin-Rogers v. U.S. Postal Service*, 115 M.S.P.R. 140, ¶ 7 (2010). This is especially so in light of the agency representative's decision to schedule the filing for the last possible day. PFR File, Tab 5 at 6; *see Gill v. Department of the Treasury*, 41 M.S.P.R. 267, 267-70 (1989). However, we need not decide this timeliness issue because, even considering the response to the petition for review, it would have no effect on the outcome of this case. *Ferrin-Rodgers*, 115 M.S.P.R. 140, ¶ 7.

benefit of employment, *Palumbo v. Department of the Interior*, [112 M.S.P.R. 206](), ¶ 6 (2009).  The appellant therefore has failed to show that the administrative judge erred in dismissing his appeal for lack of jurisdiction.  And, in the absence of Board jurisdiction, the provisions of [5 C.F.R. § 1201.154](), which under certain circumstances, provide for Board review of an agency's final decision on an EEO complaint, do not apply.[6]

¶9      Finally, to the extent the appellant argues on review that he is hampered in arguing his case before the Board because he is not an attorney, PFR File, Tab 1 at 5, it is well established that an appellant is responsible for the errors of his chosen representative, even if he is representing himself.  *Sofio v. Internal Revenue Service*, [7 M.S.P.R. 667](), 670 (1981).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  [5 U.S.C. § 7703]()(a)(1).  By statute, the nature of your claims determines the time limit for seeking such

---

[6] With his petition for review, the appellant has submitted a number of documents, including a medical report from his psychologist, PFR File, Tab 1 at 4, which, although dated after the close of the record below, does not constitute new evidence. *Grassell v. Department of Transportation*, [40 M.S.P.R. 554](), 564 (1989) (holding that to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed).  Nor is the report material to the dispositive jurisdictional issue of this appeal. *Russo v. Veterans Administration*, [3 M.S.P.R. 345](), 349 (1980) (holding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).  The remaining documents the appellant has submitted on review include an undated letter he wrote to his Congresswoman, PFR File, Tab 1 at 8-10, a pleading from a 2003 juvenile court proceeding, *id.* at 11, an article regarding the agency's policy against "Workplace Harassment," *id.* at 13-14, a Wikipedia article, *id.* at 15-18, and a 2014 internet post, *id.* at 19-22.  These documents are neither new nor material. *Russo*, 3 M.S.P.R. at 349; *Avansino v. U.S. Postal Service*, [3 M.S.P.R. 211](), 214 (1980).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                                  Jennifer Everling
                                                  Acting Clerk of the Board

Washington, D.C.